Reese, J.
delivered the opinion of the court.
The defendant in a former action sued the plaintiffi and the now plaintiff, the defendant .in that action, pleaded a set-off equal to the claims of the then plaintiff, and upon this, issue was joined. By agreement of the parties, and a rule of court, the matter of controversy in the suit was submitted to the award of certain arbitrators. They awarded, that Smith, the defendant in that action, should recover of the plaintiff one hundred and fifty dollars, and effect was given to the award by the judgment of this court, so far as the issue made up between the parties would warrant, namely, that the plaintiff should take nothing by his suit, and the defendant go hence; but this court refused to give to the defendant judgment against the plaintiff for the sum of $150 awarded, because not within the issue between the parties, as the rule of court, which contained the terms of submission, and was, as it were, the commission to the arbitrators, see the casein 4 Hump. 151. This suit is brought by the defendant in that action, against the plaintiff in that action to recover the $150 awarded. The declaration was demurred to, and the demurrer sustained by the Circuit Court, and the plaintiff appealed to this court.
*29 Wo are of opinion, that there is no error in this judgment of the Circuit Court. We have inspected both counts of the declaration carefully, and there is no averment that the parties to the suit and to the reference submitted any thing to the arbitrators beyond the matter of controversy involved in the suit, or that the commission of the arbitrators was more extensive than that conferred by rule of court; of course the arbitrators were acting beyond their grant of power in the award of the $150. Undoubtedly arbitrators, acting under a rule of court, may not only award upon the matter of controversy involved in the suit, but if by the agreement of the parties, other and further-matters be submitted to them, they may award upon those other matters so submitted in favor of either party to the submission, so as to give him a good cause of action, in a distinct suit upon the award. That, however, is not the case here, as shown either by the form and terms of the award, or by the averment in the declaration.
We think, therefore, that the demurer was properly sustained, and we affirm the judgment of the Circuit Court.